The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. An employer-employee relationship existed between the parties at all relevant times.
4. The date of the alleged injury to plaintiff's arm, back and shoulder was 19 April 1994.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. The plaintiff, age fifty-seven, was employed by the defendant-employer as a forklift operator and material handler from 1973 until 19 April 1994. His job required him to manually lift and stack cases of Coke products weighing up to sixty-five pounds. He occasionally drove a forklift unloading products.
2. In 1986, the plaintiff had surgery on his left shoulder. Since at least 28 February 1991, the plaintiff has received medical treatment for pain in both shoulders from his family physician, Dr. H.R. Parker, Jr. As early as 13 May 1992, the plaintiff suffered from back pain with radiation down his left leg.
3. From October of 1992 until June of 1994, the plaintiff also treated with Dr. P.W. Whitfield for shoulder pain. An MRI of the plaintiff's left shoulder in October of 1992 revealed evidence of slight long head of the biceps tendinitis or chronic degenerative changes as well as moderate degeneration or tendinitis at the supraspinatus anterior capsul insertion. In 1992, the plaintiff began to be treated for bilateral leg and thigh pain.
4. In January 1994, Dr. Parker referred the plaintiff to Dr. Jeffrey Schmidt of Guilford Neurologic Associates regarding pains in his legs and arms. An MRI of the lumbar spine showed mild degenerative disc changes at two levels and bulging discs at several levels without any evidence of nerve impingement. Dr. Schmidt referred the plaintiff to Dr. Douglas E. Lemley, a rheumatologist, for an assessment of musculoskeletal pain.
5. In May and June of 1994, the plaintiff was evaluated at Sports Medicine and Orthopaedics in Greensboro for increased pain in the low back. Plaintiff was diagnosed with degenerative disc disease, lumbosacral strain and bilateral leg pain, etiology unknown.
6. Dr. Lemley first saw the plaintiff and assumed his care on 11 July 1994. On 1 August 1994, Dr. Lemley noted that the plaintiff's persistent left shoulder pain and left knee pain could be a component of relative overuse secondary to the requirements of the plaintiff's employment. However, he also noted that the discomfort persisted while the plaintiff was on medical leave from work. On 16 November 1994, Dr. Lemley completed a physician's statement contained in the plaintiff's application for disability benefits, stating that the plaintiff had suffered from ongoing left shoulder pain and strain and left knee osteoarthrosis since 1992, which arose out of the plaintiff's employment.
7. The plaintiff testified that due to his severe pain, primarily in his shoulders, he became unable to do his job. He last worked for the defendant-employer on 19 April 1994.
8. On 22 June 1998, the Full Commission reopened the record in this matter in order for the parties to take the deposition of Dr. Lemley on the issues of whether the plaintiff sustained an occupational disease and if so, whether there was any resulting disability. After reviewing the deposition of Dr. Lemley, the Full Commission finds that there is sufficient evidence of record that plaintiff's employment with the defendant was a significant contributing factor in the development of the disease. However, there is insufficient medical testimony of record to prove by the greater weight that plaintiff's employment placed him at an increased risk beyond that of the general public for the development of his alleged occupational disease. Further, plaintiff has failed to provide any additional information regarding any periods of resulting disability.
9. The plaintiff failed to meet his burden of establishing that his shoulder and leg problems are characteristic of persons engaged in the plaintiff's occupation and that these problems are not ordinary diseases of life to which the public generally is equally exposed.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff did not establish that his shoulder and leg problems are the result of an occupational disease under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §97-53(13); Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983); Booker v. Duke MedicalCenter, 297 N.C. 458, 256 S.E.2d 189 (1979).
2. The plaintiff's claim is therefore not compensable under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1 et seq.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim must be, and the same is therefore, DENIED.
2. Each side shall pay its own costs.
This the ___ day of January 1999.
 S/_________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/______________________ BERNADINE S. BALLANCE COMMISSIONER